Filed 10/1/20  P. v. Ortiz CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

JORGE ORTIZ,

    Defendant and Appellant.

2d Crim. No. B303350
(Super. Ct. No. 2019024365)
(Ventura County)

---

Jorge Ortiz appeals a judgment claiming his sentence is unauthorized.  Pursuant to a negotiated plea agreement, Ortiz pled guilty to possession for sale of a controlled substance (Health & Saf. Code,§ 11378 (count 1), possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)) (count 2), and resisting a peace officer (§ 148, subd. (a)(1)) (count 6). He admitted he had a prior strike conviction and had served a prior prison term.  (§ 667.5, subd. (b).) The court sentenced him to an aggregate prison term

---

[1] All statutory references are to the Penal Code unless otherwise stated.

of five years, which included a one-year term for the prior prison term enhancement.  (§ 667.5, subd. (b).)

We conclude, among other things, that 1) Senate Bill No. 136 requires that Ortiz's prior prison term enhancement be stricken; 2) the trial court on remand must strike that enhancement, but lacks authority to increase Ortiz's sentence; and 3) the abstract of judgment does not correctly reflect Ortiz's sentence on count 2.  We otherwise affirm.

FACTS

Suffice it to say, police stopped a vehicle in which Ortiz was a passenger.  Ortiz fled on foot and tossed a firearm over a fence. He was ultimately apprehended.  He possessed, among other things, $1,773 in cash, individually packaged bindles of methamphetamine, a scale, multiple plastic bags, six cell phones, and "revolver speed loaders" containing .38 caliber ammunition.

Ortiz was charged with possession for sale of a controlled substance (Heath & Saf. Code, § 11378) (count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1)) (count 2); carrying a loaded firearm (§ 25850, subd. (c)(6)) (count 3); carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1)) (count 4); possession of ammunition (§ 30305, subd. (a)(1)) (count 5); and resisting an officer, a misdemeanor (§ 148, subd. (a)(1)) (count 6).

Ortiz faced the prospect of receiving a sentence that could exceed 13 years.  He entered into a negotiated plea agreement for a five-year term.  The trial court approved the sentence contained in the plea agreement, which specified an aggregate "commitment of five years in the Department of Corrections."

Ortiz fell within the purview of the three strikes law.  The trial court sentenced Ortiz to the agreed aggregate five-year prison term.  Pursuant to the plea agreement, the sentence

included 32 months for count 1; 16 months for count 2; a concurrent 180-day sentence for the misdemeanor on count 6; and a consecutive one-year sentence for a prior prison term enhancement (§ 667.5, subd. (b)). That enhancement was not based on Ortiz's conviction for any sexually violent offenses.

## DISCUSSION

### Senate Bill No. 136

Ortiz contends Senate Bill No. 136 requires that his prior prison term enhancement (§ 667.5, subd. (b)) must be stricken. We agree.

At the time Ortiz was sentenced, the trial court was required to impose a one-year prior prison term enhancement. (Former § 667.5, subd. (b).) But, in 2019, Senate Bill No. 136 was passed. (Stats. 2019, ch. 590, § 1.) It changed this enhancement so that it would only apply to prior prison terms for certain sexually violent offenses. (§ 667.5, subd. (b).) This change went into effect on January 1, 2020. (*People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

The change in the law applies retroactively to this case. When the Legislature eliminates or reduces the punishment for an offense or a sentence enhancement, that reduction is applied retroactively to all judgments on appeal that are not yet final. (*In re Estrada* (1965) 63 Cal.2d 740, 745-748.) Consequently, because Ortiz's prior prison terms were not for any sexually violent offenses, the section 667.5, subdivision (b) enhancement must now be stricken. (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772.)

*The Trial Court's Authority on Remand*

The People contend the trial court on remand must strike the enhancement and then may resentence Ortiz. They argue the trial court may "reconsider all of its sentencing options."

Ortiz is concerned that such open-ended remand sentencing authority could lead to a sentence much longer than the sentence agreed to in the plea agreement. He contends the trial court may only strike the enhancement on remand. He claims it lacks authority to otherwise modify the sentence imposed pursuant to the approved plea agreement. We agree that the court may not increase his sentence.

A defendant sentenced pursuant to a plea agreement has the right to expect that " ' "the court consents to be bound" ' " by it. (*People v. Segura* (2008) 44 Cal.4th 921, 931.) "Acceptance of the agreement binds the court and the parties to the agreement." (*Id.* at p. 930.) "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.' " (*Id.* at p. 931.)

Ortiz correctly notes that a new sentence that would exceed the sentencing limit agreed to in the plea agreement would be unauthorized. It would also be inconsistent with the legislative intent underlying Senate Bill No. 136. Its purpose was to eliminate this enhancement to *reduce* sentences, not to allow courts to retroactively increase sentences beyond the limits of an approved plea agreement. Defendants would be discouraged from exercising their right to challenge unauthorized section 667.5 subdivision (b) enhancements if they felt courts on remand could resentence them to longer terms than those agreed to in the plea agreement. That would essentially undermine the remedial

4

goal of this legislation and provide no relief for those the Legislature intended to benefit by passing Senate Bill No. 136.

Consequently, courts have held that Senate Bill No. 136 requires trial courts on remand to strike the enhancement, but not to otherwise change or increase the sentence agreed to in the approved plea agreement. In *People v. Matthews* (2020) 47 Cal.App.5th 857, 865, the court said, "The plea agreement here specifies the precise sentences to be imposed for each charge and enhancement, and the trial court *lacks the power to alter those sentences except to eliminate enhancements affected by Senate Bill No. 136*." (Italics added.)

*Mathews* concludes that "the trial court cannot, in striking the enhancements invalidated by Senate Bill No. 136 . . . , reconsider other aspects of the sentences [the defendant] and the People specifically agreed to under the plea agreements."

We agree that striking the enhancement to reduce Ortiz's sentence achieves the goal of Senate Bill No. 136. But we disagree with *Matthews* to the extent it may be read to reduce Ortiz's sentence by disallowing the trial court the authority to impose the sentence Ortiz originally agreed to pursuant to his plea agreement.

*The Abstract of Judgment*

Ortiz and the People note that the abstract of judgment is incorrect. It indicates that on count 2 the trial court imposed a sentence of one year six months. That is incorrect. The sentence on count 2 is only for one year four months.

DISPOSITION

On remand, the trial court shall strike the prior prison term enhancement (§ 667.5, subd. (b)) and shall correct the abstract of judgment to reflect the correct sentence on count 2

5

and the striking of the enhancement.  The trial court may resentence Ortiz, but only in a manner that does not increase his sentence.  The judgment is otherwise affirmed.  The court shall forward the amended abstract to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6

PERREN, J.

I concur.

As the majority correctly states, appellant agreed to an "aggregate 'commitment of five years in the Department of Corrections.'" Unlike *People v Mathews* (2020) 47 Cal.App.5th 857, 865, however, the plea agreement in the instant matter did not specify the term of imprisonment for any particular count; appellant's concern was with the aggregate term. On remand the trial court may impose a reconfigured sentence which does not include the prior prison term enhancement yet does not exceed five years. (*People v Stamps* (2020) 9 Cal.5th 685, 705.)

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

1

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.